**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHAL DIVISION**

| | |
|---|---|
| DYNAMIC NUTRITION SOLUTIONS LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>NUTRISYSTEM, INC.<br><br>               Defendant. | **Civil Action No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dynamic Nutrition Solutions LLC ("DNS" or "Plaintiff"), for its Complaint against Defendant Nutrisystem, Inc., ("Nutrisystem" or "Defendant") alleges the following:

## NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.   Plaintiff is a limited liability company organized under the laws of the State of Texas with a place of business at 815 Brazos Street, Suite 500, Austin, Texas 78701.

3.   Upon information and belief, Nutrisystem is a corporation organized and existing under the laws of Delaware, with a place of business at Fort Washington Executive Center, 600 Office Center Drive, Fort Washington, Pennsylvania 19034, and can be served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon information and belief, Nutrisystem sells and offers to sell products and services throughout the United States, including in this judicial district, and

introduces products and services into the stream of commerce and that incorporate infringing

technology knowing that they would be sold in this judicial district and elsewhere in the United

States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or

1400(b).  On information and belief, Defendant conducts business in this District, the claims

alleged in this Complaint arise in this District, and the acts of infringement have taken place and

are continuing to take place in this District.

7.      On information and belief, Defendant is subject to this Court's general and

specific personal jurisdiction because Defendant has sufficient minimum contacts within the

State of Texas and this District, pursuant to due process and/or the Texas Long Arm Statute

because Defendant purposefully availed itself of the privileges of conducting business in the

State of Texas and in this District, because Defendant regularly conducts and solicits business

within the State of Texas and within this District, and because Plaintiff's causes of action arise

directly from Defendant's business contacts and other activities in the State of Texas and this

District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,817,863

8.      The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated

into this First Claim for Relief.

9.      On November 16, 2004, U.S. Patent No. 6,817,863 ("the '863 patent"), entitled

"Computer Program, Method, and System for Monitoring Nutrition Content of Consumables and

for Facilitating Menu Planning," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '863 patent is attached as Exhibit 1.

10.     The inventions of the '863 patent resolve technical problems related to the use of an interactive database to dynamically present information to consumers regarding food consumption and related data.  For example, the inventions allow parties to customize the database with nutritional content of foods, thereby modifying how the information stored in the database is presented to a particular user, enabling the user to adapt the program to more personally reflect eating habits and preferences.

11.     The claims of the '863 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '863 patent recite one or more inventive concepts that are rooted in computerized network and database technology, and overcome problems specifically arising in the realm of those technologies.

12.     The claims of the '863 patent recite an invention that is not merely the routine or conventional use of network and/or database technology.  Instead, the invention makes use of an interactive database that can be customized to reflect the needs of each particular user.  The '863 patent claims thus specify how network and database technology is manipulated to yield a desired result.

13.     The technology claimed in the '863 patent does not preempt all ways of using networks or databases, nor preempt the use of all such technologies, nor preempt any other well-known or prior art technology.

14.     Accordingly, each claim of the '863 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

15.     Plaintiff is the assignee and owner of the right, title and interest in and to the '863 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

16.     Upon information and belief, and further based on internal use and testing on Apple and Android devices, Defendant has and continues to directly infringe, literally or under the doctrine of equivalents, at least claims 1, 2, and 13 of the '863 patent by making, using, selling, importing and/or providing and causing to be used products including, but not limited to, the NuMi program, which practices an interactive nutrition database that dynamically presents information to consumers regarding food consumption and related data; allows parties to customize the database with nutritional content of foods, thereby modifying how the information stored in the database is presented to a particular user; and enables the user to adapt the program to more personally reflect eating habits and preferences (the "'863 Accused Instrumentalities").

17.     In particular, claim 1 of the '863 patent recites a computer program that utilizes a combination of code segments, a computer-readable memory, and a processor to provide the nutritional content information of consumables.  One of the code segments receives and stores nutrition input information and associates this information with a calendar date. Another one of the code segments generates an interactive display screen that includes one or more lists of consumables with related nutritional information and a summary section of past consumption of consumables.

18.     The '863 Accused Instrumentalities infringe claim 1 of the '863 patent.  Upon

signing up at https://my.numi.com/users/signin and/or downloading the app at

https://itunes.apple.com/us/app/numi/id826749176?mt=8 or

https://play.google.com/store/apps/details?id=com.nutrisystem.numi, users of the '863 Accused

Instrumentalities are provided access to the invention recited in claim 1. (*See, e.g.*,

http://support.numi.com/support/home.)

19.     Claim 2 of the '863 patent recites the computer program of claim 1 that also

includes a code segment that generates a report that summarizes the nutritional input information

associated with the calendar date.

20.     The '863 Accused Instrumentalities infringe claim 2 of the '863 patent.  (*See, e.g.*,

http://support.numi.com/support/solutions/articles/1000017507-how-do-i-know-how-i-am-doing-

.)

21.     Claim 13 of the '863 patent recites a hand-held apparatus that provides nutrition

content information related to consumables.  The apparatus embodies a housing that contains the

following:  a computer-readable memory; a stored combination of code segments; a processor;

an interactive output display screen generated by the combination of code segments, which

presents one or more lists of consumables and their related nutrition information; and an input

device coupled to the processor that allows a user to select a consumable from the interactive

display screen and store date-associated data about that consumable to the memory.

22.     On information and belief, the '863 Accused Instrumentalities infringe claim 13

of the '863 patent.  (*See, e.g.*, http://support.numi.com/support/home.)  Defendant distributes the

'863 Accused Instrumentalities, at least in part, via an app for Apple and Android devices.  (*See,*

*e.g.*, http://support.numi.com/support/solutions/articles/1000018650-what-type-of-technology-

do-i-need-to-use-numi-.)  The intended use of the '863 Accused Instrumentalities on an Apple or

Android device results in the apparatus of claim 13.  (*See, e.g.,*

https://itunes.apple.com/us/app/numi/id826749176?mt=8;

https://play.google.com/store/apps/details?id=com.nutrisystem.numi.)

23.     On information and belief, these '863 Accused Instrumentalities are marketed,

provided to, and/or used by or for Defendant's partners, clients, customers and end users across

the country and in this District.

24.     Defendant was made aware of the '863 patent and its infringement thereof at least

as early as their receipt of correspondence from Plaintiff providing notice of the '863 patent and

Defendant's infringement thereof sent to Defendant on June 3, 2016.  The letter was sent by

certified mail with return receipt requested or via Federal Express with notification of delivery

requested.  Plaintiff has since received the return receipt from Defendant, indicating that

Defendant has received the letter.

25.     Upon information and belief, since at least the time Defendant received notice,

Defendant has induced and continues to induce others to infringe at least one claim of the '863

patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful

blindness, actively aiding and abetting others to infringe, including but not limited to

Defendant's partners, clients, customers, and end users, whose use of the '863 Accused

Instrumentalities constitutes direct infringement of at least one claim of the '863 patent.

26.     In particular, Defendant's actions that aid and abet others such as its partners,

customers, clients, and end users to infringe include advertising and distributing the '863

Accused Instrumentalities and providing instruction materials, training, and services regarding

the '863 Accused Instrumentalities.  Defendant actively encourages its customers to track their

food intake using Defendant's "NuMi tools."  (*See, e.g.,*

http://www.nutrisystem.com/jsps_hmr/tools_community/index.jsp;

https://my.numi.com/users/signin; http://support.numi.com/support/home.)  On information and

belief, Defendant has engaged in such actions with specific intent to cause infringement or with

willful blindness to the resulting infringement because Defendant has had actual knowledge of

the '863 patent and knowledge that its acts were inducing infringement of the '863 patent since

at least the date Defendant received notice that such activities infringed the '863 patent.

27.     Upon information and belief, Defendant is liable as a contributory infringer of the

'863 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United

States computerized interactive nutrition programs to be especially made or adapted for use in an

infringement of the '863 patent.  The '863 Accused Instrumentalities are a material component

for use in practicing the '863 patent and are specifically made and are not a staple article of

commerce suitable for substantial non-infringing use.

28.     Plaintiff has been harmed by Defendant's infringing activities.

## <u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,413,438</u>

29.     The allegations set forth in the foregoing paragraphs 1 through 28 are

incorporated into this Second Claim for Relief.

30.     On August 19, 2008, U.S. Patent No. 7,413,438 ("the '438 patent"), entitled

"Computer Program, Method, and System for Monitoring Nutrition Content of Consumables and

for Facilitating Menu Planning," was duly and legally issued by the United States Patent and

Trademark Office.  A true and correct copy of the '438 patent is attached as Exhibit 2.

31.     The inventions of the '438 patent resolve technical problems related to the use of

interactive databases to dynamically present information to consumers regarding food

consumption and related data.  For example, the inventions allow parties to customize the

database with nutritional content of food, thereby modifying how the information stored in the database is presented to a particular user, enabling the user to adapt the program to more personally reflect eating habits and preferences.

32.     The claims of the '438 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '438 patent recite one or more inventive concepts that are rooted in computerized network and database technology, and overcome problems specifically arising in the realm of those technologies.

33.     The claims of the '438 patent recite an invention that is not merely the routine or conventional use of nutrition database technology.  Instead, the invention makes use of an interactive database that can be customized to reflect the needs of each particular user.  The '438 patent claims thus specify how network and database technology is manipulated to yield a desired result.

34.     The technology claimed in the '438 patent does not preempt all ways of using networks or databases, nor preempt the use of all such technologies, nor preempt any other well-known or prior art technology.

35.     Accordingly, each claim of the '438 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

36.     Plaintiff is the assignee and owner of the right, title and interest in and to the '438 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

37.     Upon information and belief, and further based on internal use and testing on Apple and Android devices, Defendant has and continues to directly infringe, literally or under the doctrine of equivalents, at least claims 2, 3, 4, 5, 16, and 17 of the '438 patent by making, using, selling, importing and/or providing and causing to be used products including, but not limited to, the NuMi application program, which practices an interactive nutrition database that dynamically presents information to consumers regarding food consumption and related data; allows parties to customize the database with nutritional content of foods, thereby modifying how the information stored in the database is presented to a particular user; and enables the user to adapt the program to more personally reflect eating habits and preferences (the "'438 Accused Instrumentalities").

38.     In particular, claim 2 of the '438 patent recites a hand-held apparatus for providing nutrition content information.  The apparatus embodies a housing that contains the following:  a computer-readable memory; a network connection to access a communications network to retrieve nutrition information to store in the memory; an input device; a processor to sort the consumables based on the input; and an output device that displays the sorted consumables.

39.     On information and belief, the '438 Accused Instrumentalities infringe claim 2 of the '438 patent.  (*See, e.g.*, http://support.numi.com/support/home.)  Defendant distributes the '438 Accused Instrumentalities, at least in part, via an app for Apple and Android devices.  (*See, e.g.*, http://support.numi.com/support/solutions/articles/1000018650-what-type-of-technology-do-i-need-to-use-numi-.)  The intended use of the '438 Accused Instrumentalities on an Apple or Android device results in the apparatus of claim 2.  (*See, e.g.*, https://itunes.apple.com/us/app/numi/id826749176?mt=8;

https://play.google.com/store/apps/details?id=com.nutrisystem.numi;

http://support.numi.com/support/solutions/articles/1000018799-can-i-sign-up-through-my-phone-; http://support.numi.com/support/solutions/articles/1000018812-what-apple-devices-do-you-support-.)

40.     Claim 3 of the '438 patent recites the apparatus of claim 2, wherein the output device is an interactive display screen.

41.     On information and belief, the '438 Accused Instrumentalities infringe claim 3 of the '438 patent.  The intended use of the '438 Accused Instrumentalities on an Apple or Android device results in the apparatus of claim 3.  (*See, e.g.*,

https://itunes.apple.com/us/app/numi/id826749176?mt=8;

https://play.google.com/store/apps/details?id=com.nutrisystem.numi;

http://support.numi.com/support/solutions/articles/1000018799-can-i-sign-up-through-my-phone-; http://support.numi.com/support/solutions/articles/1000018812-what-apple-devices-do-you-support-.)

42.     Claim 4 of the '438 patent recites the apparatus of claim 2, wherein the communications network is a wide-area network, a local-area network, the Internet, and combinations thereof.

43.     On information and belief, the '438 Accused Instrumentalities infringe claim 4 of the '438 patent.  The intended use of the '438 Accused Instrumentalities on an Apple or Android device results in the apparatus of claim 4.  (*See, e.g.*,

https://itunes.apple.com/us/app/numi/id826749176?mt=8;

https://play.google.com/store/apps/details?id=com.nutrisystem.numi;

http://support.numi.com/support/solutions/articles/1000018799-can-i-sign-up-through-my-

phone-; http://support.numi.com/support/solutions/articles/1000018650-what-type-of-technology-do-i-need-to-use-numi-;

http://support.numi.com/support/solutions/articles/1000018812-what-apple-devices-do-you-support-.)

44.      Claim 15 of the '438 patent recites a hand-held apparatus for providing nutrition content information.  The apparatus embodies a housing that contains the following:  a computer-readable memory that stores a database including consumables and related nutrition content information; an input device; a processor that accesses the database to sort the consumables based on input; and an output device that displays the sorted consumables.

45.      On information and belief, the '438 Accused Instrumentalities infringe claim 15 of the '438 patent.  (*See, e.g.*, https://itunes.apple.com/us/app/numi/id826749176?mt=8; http://support.numi.com/support/home.)  Defendant distributes the '438 Accused Instrumentalities, at least in part, via an app for Apple and Android devices.  (*See, e.g.*, http://support.numi.com/support/solutions/articles/1000018650-what-type-of-technology-do-i-need-to-use-numi-.)  The intended use of the '438 Accused Instrumentalities on an Apple or Android device results in the apparatus of claim 15.  (*See, e.g.*, https://itunes.apple.com/us/app/numi/id826749176?mt=8; https://play.google.com/store/apps/details?id=com.nutrisystem.numi; http://support.numi.com/support/solutions/articles/1000018799-can-i-sign-up-through-my-phone-; http://support.numi.com/support/solutions/articles/1000018812-what-apple-devices-do-you-support-.)

46.    Claim 16 of the '438 patent recites the apparatus of claim 15, wherein the input is associated with a calendar date and the consumables are sorted and displayed based on the calendar date.

47.    The '438 Accused Instrumentalities infringe claim 16 of the '438 patent.  (*See, e.g.*, http://support.numi.com/support/solutions/articles/1000017507-how-do-i-know-how-i-am-doing-; https://play.google.com/store/apps/details?id=com.nutrisystem.numi; https://itunes.apple.com/us/app/numi/id826749176?mt=8.)

48.    Claim 17 of the '438 patent recites the apparatus of claim 15, wherein the output device is an interactive display system.

49.    The '438 Accused Instrumentalities infringe claim 17 of the '438 patent.  The intended use of the '438 Accused Instrumentalities on an Apple or Android device results in the apparatus of claim 17.  (*See, e.g.*, https://itunes.apple.com/us/app/numi/id826749176?mt=8; https://play.google.com/store/apps/details?id=com.nutrisystem.numi; http://support.numi.com/support/solutions/articles/1000018799-can-i-sign-up-through-my-phone-; http://support.numi.com/support/solutions/articles/1000018812-what-apple-devices-do-you-support-.)

50.    On information and belief, these '438 Accused Instrumentalities are used marketed, provided to, and/or used by or for Defendant's partners, clients, customers and end users across the country and in this District.

51.    Defendant was made aware of the '438 patent and its infringement thereof at least as early as their receipt of correspondence from Plaintiff providing notice of the '438 patent and Defendant's infringement thereof sent to Defendant on June 3, 2016.  The letter was sent by certified mail with return receipt requested or via Federal Express with notification of delivery

requested.  Plaintiff has since received the return receipt from Defendant, indicating that Defendant has received the letter.

52.     Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '438 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '438 Accused Instrumentalities constitutes direct infringement of at least one claim of the '438 patent.

53.     In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '438 Accused Instrumentalities and providing instruction materials, training, and services regarding the '438 Accused Instrumentalities.  Defendant actively encourages its customers to track their food intake using Defendant's "NuMi tools."  (*See, e.g.*, http://www.nutrisystem.com/jsps_hmr/tools_community/index.jsp; https://my.numi.com/users/signin; http://support.numi.com/support/home.)  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '438 patent and knowledge that its acts were inducing infringement of the '438 patent since at least the date Defendant received notice that such activities infringed the '438 patent.

54.     Upon information and belief, Defendant is liable as a contributory infringer of the '438 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States computerized interactive nutrition programs to be especially made or adapted for use in an infringement of the '438 patent.  The '438 Accused Instrumentalities are a material component

for use in practicing the '438 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

55.     Plaintiff has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '863 and '438 patents;

B.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '863 and '438 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.     An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: June 8, 2016

DEVLIN LAW FIRM LLC

*/s/ Robert Kiddie*

Robert Kiddie

rkiddie@devlinlawfirm.com

Timothy Devlin (*pro hac vice* to be filed)

tdevlin@devlinlawfirm.com

1306 N. Broom St., 1st Floor

Wilmington, Delaware 19806

Telephone: (302) 449-9010

Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*Dynamic Nutrition Solutions LLC*